IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00337-REB-BNB

EUGENE BRINDISI,

Plaintiff,

v.

JAMES OKUNO, individually,
THOMAS LANG, individually,
DAVID FUHRER, individually, and
PRO TANS USA, an Arizona corporation,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

The plaintiff commenced this action on February 27, 2006, by filing a Complaint.  On

February 28, 2006, the district judge entered an order referring certain case management matters

to me.  On March 1, 2006, I ordered the plaintiff to file proof of service on or before June 27,

2006.  Both orders were mailed to the plaintiff at his address of record in Broomfield, Colorado.

The envelopes addressed to the plaintiff were returned as undeliverable because the plaintiff was

not known at that address.

The plaintiff's last filing in this case--the Complaint--was received February 27, 2006.  The

Court has not received a notice of change of address from the plaintiff as required by

D.C.COLO.LCivR 10.1M, and has had no other contact with him since February 27, 2006.

In addition, the plaintiff has failed to comply with my order to file proof of service on or

before June 27, 2006, and he has failed to comply with Fed.R.Civ.P. 4(m).  Rule 4(m) provides in

part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on June 27, 2006.

Consequently, I ordered the plaintiff to show cause on or before July 11, 2006, why this case should not be dismissed for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and failure to comply with an Order of this Court. D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause on or before July 11, 2006, would result in my recommendation that this case be dismissed. The plaintiff has not responded to my order to show cause.

I respectfully RECOMMEND that the Complaint be DISMISSED for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and failure to comply with an Order of this Court. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

2

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 13, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge